IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VERNON MONTGOMERY, | § | |
| | § | |
| Defendant Below, | § | No. 518, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1710001043 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 22, 2018
Decided: October 23, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    On October 5, 2018, the appellant, Vernon Montgomery, filed a notice of interlocutory appeal from a September 20, 2018 Superior Court order denying his motion for reargument of an August 10, 2018 Superior Court order denying his motion to suppress. The Senior Court Clerk issued a notice directing Montgomery to show cause why his appeal should not be dismissed based for his failure to comply with Supreme Court Rule 42. In his response to the notice to show cause, Montgomery argues that he has satisfied the criteria of Rule 42.

(2)    The notice to show cause should have directed Montgomery to show cause why his appeal should not be dismissed due to this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal case. This Court may only review a final judgment in a criminal case.[1] Notwithstanding the mistake in the notice to show cause, the Court concludes that this appeal should be dismissed under Supreme Court Rule 29(c). The notice of appeal, on its face, manifestly fails to invoke the jurisdiction of this Court. We further find that giving notice of the defect "would serve no meaningful purpose and that any response would be of no avail."[2]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(c), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b). *See also Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding Supreme Court lacks jurisdiction to review interlocutory order in criminal case).

[2] Supr. Ct. R. 29(c) (providing for dismissal *sua sponte* if the appeal "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail.").